IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RENEE K. HICKS, | ) | Civ. No. 12-00063 DAE-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR
EMERGENCY INJUNCTIVE RELIEF

On February 1, 2012, the Court heard Plaintiff's Motion for

Emergency Temporary and Permanent Injunctive Relief.  Sandra D. Lynch, Esq.,

appeared at the hearing on behalf of Plaintiff Renee Hicks; Elise Thorn, Esq.,

appeared at the hearing on behalf of Defendant Wells Fargo Bank, N.A.  After

reviewing the motion and carefully considering the arguments advanced in support

of and in opposition to the motion, the Court hereby **DENIES** Plaintiff's Motion

for Emergency Injunctive Relief.  (Doc. # 4.)

BACKGROUND

On March 30, 2007, Plaintiff Renee Hicks executed a promissory note

and mortgage in favor of Equity Now, Inc. to refinance her home located at 4633

Waiakaula Street, Kilauea, Hawaii 96754 ("Subject Property").  In February 2008,

Plaintiff Hicks was notified by Option One Mortgage that she was in default on her

note and/or mortgage.

In early 2009, Wells Fargo, acting as Trustee for Option One

Mortgage Loan Trust 2007-6, initiated non-judicial foreclosure proceedings against

Plaintiff Hicks and the Subject Property.  On February 25, 2009, Wells Fargo

purchased the Subject Property at a sale by public auction.

On July 15, 2010, Wells Fargo filed an Ejectment action against Hicks

in State Court.  On September 14, 2011, the State Court granted Wells Fargo's

Motion for Summary Judgment and for Writ of Ejectment Against Hicks.  That

same day, the Court entered a Judgment against Hicks and issued Writ of

Ejectment.  On September 19, 2011, Hicks filed a Notice of Appeal to the Hawaii

Intermediate Court of Appeals.  That appeal is still pending.  Hicks moved to stay

the ejectment pending her appeal and on October 25, 2011, the State Court entered

an Order Granting In Part and Denying In Part Hicks' Motion for Stay.  The State

Court conditioned the grant of a stay on Hicks posting a supersedeas bond in the

amount of $350,000.

On January 24, 2012, Hicks was told by the local Sheriff that Wells

Fargo had ordered that the Sheriff and his deputies remove Hicks from the Subject

Property by no later than February 2, 2012.  On January 30, 2012, Hicks initiated

this action and filed the instant Motion for Emergency Injunctive Relief.  (Docs. ##

1, 4.)  In her Complaint, Hicks alleges that Defendant Wells Fargo lacked the

authority to institute non-judicial foreclosure proceedings and has no right to eject

Plaintiff from the Subject Property.  She asserts claims for: (1) Quiet Title, (2)

Fraud, (3) Unjust Enrichment, and (4) Slander of Title.  These claims are based on

her allegation that the various transfers and assignments of the mortgage were

fraudulent, manufactured, invalid, and ineffective to transfer ownership of the

mortgage and note.

In the instant Motion, Plaintiff seeks to enjoin Defendants from taking

possession of the Subject Property and evicting Plaintiff from her home until

resolution of "the pending [federal] Complaint to finality."  Plaintiff further argued

at the hearing that the State Court's decision conditioning a stay on the posting of a

supersedeas bond in the amount of $350,000 is punitive and therefore improper.

The Court concludes that the Rooker-Feldman doctrine, the Anti-

Injunction Act, 28 U.S.C. § 2283, and general principles of comity and federalism

preclude this Court from granting the requested relief.  The Rooker-Feldman

doctrine applies to "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings

3

commenced and inviting district court review and rejection of those judgments."

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Here,

the injury Plaintiff alleges arises from the state court's purportedly erroneous

Judgment and Writ of Ejectment.  Without the State Court Judgment, Wells Fargo

would not be ejecting Plaintiff from the Subject Property.  Granting the requested

injunction would require this Court to review and reject the State Court's decision,

which is clearly prohibited by the Rooker-Feldman doctrine.

        The requested relief is also barred by the Anti-Injunction Act, which

precludes a federal court from granting "an injunction to stay proceedings in a

State court except as expressly authorized by Act of Congress . . . ."  28 U.S.C.

§ 2283.  "The Act's mandate extends not only to injunctions affecting pending

proceedings, but also to injunctions against the execution or enforcement of state

judgments."  Henrichs v. Valley View Development, 474 F.3d 609, 616 (9th Cir.

2007) (citing Atl. Coast Line R.R. Co. v. Bd. of Locomotive Eng'rs, 398 U.S. 281,

287–88 (1970)).  In other words, "[a]n injunction may not be used to evade the

dictates of the Act if the injunction effectively blocks a state court judgment."  Id.

Plaintiff is requesting an injunction to prevent Wells Fargo from evicting Plaintiff

and taking possession of the Subject Property, which was the whole purpose of the

ejectment action.  To grant that relief would be to enjoin the enforcement of the

State Court Judgment and disregard "the principle of abstention the statute seeks to uphold."  Id.

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's Motion for Emergency Injunctive Relief.  (Doc. # 4.)  Plaintiff's request for emergency injunctive relief is more appropriately directed to the Hawaii Intermediate Court of Appeals.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 2, 2012.

_____
David Alan Ezra
United States District Judge

Hicks v. Wells Fargo Bank, N.A. et al., CV No. 12-00063 DAE-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF