IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RENEE K. HICKS, ) | Civ. No. 12-00063 DAE-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A., ET ) | |
| AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR
EMERGENCY INJUNCTIVE RELIEF

On February 1, 2012, the Court heard Plaintiff's Motion for Emergency Temporary and Permanent Injunctive Relief. Sandra D. Lynch, Esq., appeared at the hearing on behalf of Plaintiff Renee Hicks; Elise Thorn, Esq., appeared at the hearing on behalf of Defendant Wells Fargo Bank, N.A. After reviewing the motion and carefully considering the arguments advanced in support of and in opposition to the motion, the Court hereby **DENIES** Plaintiff's Motion for Emergency Injunctive Relief. (Doc. # 4.)

BACKGROUND

On March 30, 2007, Plaintiff Renee Hicks executed a promissory note and mortgage in favor of Equity Now, Inc. to refinance her home located at 4633

Waiakaula Street, Kilauea, Hawaii 96754 ("Subject Property").  In February 2008, Plaintiff Hicks was notified by Option One Mortgage that she was in default on her note and/or mortgage.

In early 2009, Wells Fargo, acting as Trustee for Option One Mortgage Loan Trust 2007-6, initiated non-judicial foreclosure proceedings against Plaintiff Hicks and the Subject Property.  On February 25, 2009, Wells Fargo purchased the Subject Property at a sale by public auction.

On July 15, 2010, Wells Fargo filed an Ejectment action against Hicks in State Court.  On September 14, 2011, the State Court granted Wells Fargo's Motion for Summary Judgment and for Writ of Ejectment Against Hicks.  That same day, the Court entered a Judgment against Hicks and issued Writ of Ejectment.  On September 19, 2011, Hicks filed a Notice of Appeal to the Hawaii Intermediate Court of Appeals.  That appeal is still pending.  Hicks moved to stay the ejectment pending her appeal and on October 25, 2011, the State Court entered an Order Granting In Part and Denying In Part Hicks' Motion for Stay.  The State Court conditioned the grant of a stay on Hicks posting a supersedeas bond in the amount of $350,000.

On January 24, 2012, Hicks was told by the local Sheriff that Wells Fargo had ordered that the Sheriff and his deputies remove Hicks from the Subject

Property by no later than February 2, 2012. On January 30, 2012, Hicks initiated this action and filed the instant Motion for Emergency Injunctive Relief. (Docs. ## 1, 4.) In her Complaint, Hicks alleges that Defendant Wells Fargo lacked the authority to institute non-judicial foreclosure proceedings and has no right to eject Plaintiff from the Subject Property. She asserts claims for: (1) Quiet Title, (2) Fraud, (3) Unjust Enrichment, and (4) Slander of Title. These claims are based on her allegation that the various transfers and assignments of the mortgage were fraudulent, manufactured, invalid, and ineffective to transfer ownership of the mortgage and note.

In the instant Motion, Plaintiff seeks to enjoin Defendants from taking possession of the Subject Property and evicting Plaintiff from her home until resolution of "the pending [federal] Complaint to finality." Plaintiff further argued at the hearing that the State Court's decision conditioning a stay on the posting of a supersedeas bond in the amount of $350,000 is punitive and therefore improper.

The Court concludes that the Rooker-Feldman doctrine, the Anti-Injunction Act, 28 U.S.C. § 2283, and general principles of comity and federalism preclude this Court from granting the requested relief. The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Here, the injury Plaintiff alleges arises from the state court's purportedly erroneous Judgment and Writ of Ejectment. Without the State Court Judgment, Wells Fargo would not be ejecting Plaintiff from the Subject Property. Granting the requested injunction would require this Court to review and reject the State Court's decision, which is clearly prohibited by the Rooker-Feldman doctrine.

The requested relief is also barred by the Anti-Injunction Act, which precludes a federal court from granting "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress . . . ." 28 U.S.C. § 2283. "The Act's mandate extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments." Henrichs v. Valley View Development, 474 F.3d 609, 616 (9th Cir. 2007) (citing Atl. Coast Line R.R. Co. v. Bd. of Locomotive Eng'rs, 398 U.S. 281, 287–88 (1970)). In other words, "[a]n injunction may not be used to evade the dictates of the Act if the injunction effectively blocks a state court judgment." Id. Plaintiff is requesting an injunction to prevent Wells Fargo from evicting Plaintiff and taking possession of the Subject Property, which was the whole purpose of the ejectment action. To grant that relief would be to enjoin the enforcement of the

State Court Judgment and disregard "the principle of abstention the statute seeks to uphold." Id.

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's Motion for Emergency Injunctive Relief. (Doc. # 4.) Plaintiff's request for emergency injunctive relief is more appropriately directed to the Hawaii Intermediate Court of Appeals.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 2, 2012.

_____
David Alan Ezra
United States District Judge

Hicks v. Wells Fargo Bank, N.A. et al., CV No. 12-00063 DAE-KSC; ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF